**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 13-62316-CIV-ROSENBAUM/HUNT**

GLORIA FINK,

      Plaintiff,

v.

BURLINGTON COAT FACTORY
OF FLORIDA, LLC, SUNRISE MILLS
(MLP) LIMITED PARTNERSHIP,
and SIMON PROPERTY GROUP, INC.,

      Defendants.

_____/

**ORDER DENYING DEFENDANTS MOTION TO DISMISS OR,**
**ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT**

This matter is before the Court on Defendant Burlington Coat Factory of Florida, LLC's Motion to Dismiss Plaintiff's Complaint, or, alternatively, Motion for a More Definite Statement [ECF No. 11]. The Court has carefully considered Defendant's Motion, all supporting and opposing filings, and the record. For the reasons set forth below, the Court now denies Defendant's Motion.

**I.  Background**

Plaintiff Fink brings a conventional slip-and-fall negligence claim against Burlington Coat Factory of Florida, LLC ("Burlington Coat Factory"), Sunrise Mills (MLP) Limited Partnership, and Simon Property Group, Inc. ECF No. 1-2. Initially filed in the 17th Judicial Circuit Court in and for Broward County, Florida, the case was removed to this Court pursuant to 28 U.S.C. § 1332(a). *See* ECF Nos. 1; 8. The claim arises out of an accident in which Fink entered a Burlington Coat Factory

-1-

building in Sunrise, Florida, and purportedly fell due to the negligent condition of the floor. ECF No. 1-2 ¶¶ 2-6.  Defendant Burlington Coat Factory takes issue with Fink's Complaint and avers that it should be dismissed for failure to state a cause of action under Rule 12(b)(6), Fed. R. Civ. P. *See* ECF No. 11.

The allegations in the Complaint are as follows. On February 10, 2013, Fink entered a Burlington Coat Factory in Sunrise, Florida, and fell and suffered injuries while shopping at the store. ECF No. 1-2 ¶¶ 2-6. Fink asserts that Burlington Coat Factory "negligently maintained the flooring on the property by causing or permitting the floor to be uneven and/or bumpy and/or unsmooth and/or by causing or permitting edges of the flooring or tile to protrude upward and/or by causing or permitting the floor to be slippery, and/or by causing or permitting the floor to be hazardous in other ways." *Id.* ¶ 4. Additionally, Fink avers that "[t]he negligent condition was known to the Defendant or had existed for a sufficient length of time so that Defendant should have known of it, or the condition occurred with regularity and was therefore foreseeable." *Id.* ¶ 5. Other than these vague and sweeping assertions, Fink does not attest to any other facts or make any other claims of negligence. *See id.* The Complaint brings these same general allegations against the three Defendants separately, in three different counts. *Id.*

## II.  Analysis

Burlington Coat Factory moves to dismiss or, in the alternative, moves for a more definite statement based on the fact that there are no specific, detailed facts alleged in the Complaint. ECF No. 11 at 3-6. According to Burlington Coat Factory, Fink is required to plead explicit facts, such as how Fink fell and the specific condition and characteristics of the floor. In addition, Burlington Coat Factory argues that Fink also had to plead that Burlington Coat Factory did not exercise the

requisite duty of care. *See* ECF Nos. 11 at 5-6; 18 at 2-4. Ultimately, Burlington Coat Factory claims that the Complaint does not comply with the pleading standards under Florida law or those set forth in the Federal Rules of Civil Procedure, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See* ECF No. 18 at 1-2.

The Florida Rules of Civil Procedure supply a plethora of forms that parties may utilize under various scenarios. These forms contain the basic information needed to state various claims and "are sufficient for the matters that are covered by them." Fla. R. Civ. P. Rule 1.900(b); *see also Amendments to the Florida Rules of Civil Procedure*, 773 So. 2d 1098, 1099 (Fla. 2000) (adopting the Rules as set forth, including form pleadings). The Florida Rules further state that "[s]o long as the substance is expressed without proxility, the forms may be varied to meet the facts of a particular case." *Id.* Included is a model form for a "fall-down negligence complaint" that states in its entirety,

Plaintiff, A. B., sues defendant, C. D., and alleges:

1. This is an action for damages that (insert jurisdictional amount).

2. On ..... (date) ....., defendant was the owner and in possession of a building at ..................... in ............, Florida, that was used as a (describe use).

3. At that time and place plaintiff went on the property to (state purpose).

4. Defendant negligently maintained (describe item) on the property by (describe negligence or dangerous condition) so that plaintiff fell on the property.

5. The negligent condition was known to defendant or had existed for a sufficient length of time so that defendant should have known of it.

6. As a result plaintiff was injured in and about his/her body

> and extremities, suffered pain therefrom, incurred medical
> expense in the treatment of the injuries, and suffered physical
> handicap, and his/her working ability was impaired; the
> injuries are either permanent or continuing in nature and
> plaintiff will suffer the losses and impairment in the future.
>
> WHEREFORE plaintiff demands judgment for damages against
> defendant.

Fla. R. Civ. P. Form 1.951. Fink's Complaint, while sparse and vague, is nearly identical to the

Florida form pleading for fall-down negligence complaints. Therefore, the Complaint is acceptable

under Florida law.

Burlington Coat Factory also avers that the Complaint must be dismissed under federal law.

In response, Fink insists that her Complaint complies with the Federal Rules of Civil Procedure

because the federal form complaint "is even terser than Florida's standard form." ECF No. 14 at 3.

Form 11 of the Federal Rules of Civil Procedure sets forth the minimum requirements for an

example "Complaint for Negligence" as follows:

> 1. (Statement of Jurisdiction . . .)
>
> 2. On *date*, at *place*, the defendant negligently drove a motor
> vehicle against the plaintiff.
>
> 3. As a result, the plaintiff was physically injured, lost wages or
> income, suffered physical and mental pain, and incurred medical
> expenses of $_____.
>
> Therefore, the plaintiff demands judgment against the defendant
> for $_____, plus costs.

Fed. R. Civ. P. Form 11. Rule 84, Fed. R. Civ. P., makes clear that "forms in the Appendix suffice

under these rules and illustrate the simplicity and brevity that these rules contemplate." Fed. R. Civ.

P. 84. Additionally, Advisory Committee Notes to the 1946 amendments to Rule 84 emphasize that

-4-

"the forms contained in the Appendix of Forms are sufficient to withstand attack under these rules under which they are drawn, and that the practitioner using them may rely on them to that extent." Fed. R. Civ. P. 84 advisory committee's note. But Form 11 was added on April 30, 2007—three weeks prior to the Supreme Court's decision in *Twombly*, and over two years before *Iqbal*. As noted by Judge Ryskamp of this Court, sitting by designation on the Eleventh Circuit, the Form 11 pleading "would likely be considered scant under the *Twombly* standard." *Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1348 (11th Cir. 2010) (Ryskamp, J., dissenting).

In order to comply with Rule 8, Fed. R. Civ. P., a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era"). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted). A complaint need not contain "detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations removed); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. In other words, the complaint must "nudge[] [the] claim[] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. When ruling on a motion to dismiss, courts are required to accept all factual allegations as true, but are "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at

-5-

555).

Thus, a tension exists between the sparse assertions found in Form 11 and the more stringent requirements of *Twomby* and *Iqbal*. *See, e.g.*, *Tyco Fire Products LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 905 (E.D. Pa. 2011) ("Put simply, the forms purporting to illustrate what level of pleading is required do not reflect the sea change of *Twombly* and *Iqbal*."); *see also McCauley v. City of Chicago*, 671 F.3d 611, 623 (7th Cir. 2011) (noting that "*Iqbal* conflicts with the form complaints approved by the Supreme Court and Congress as part of the Federal Rules of Civil Procedure"). Prior to *Twombly*, a bare pleading based on the Federal Rules of Civil Procedure Forms may have been sufficient. *See, e.g.*, *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 & n.4 (2002) (pre-*Twombly* case noting that the "simple requirements of Rule 8(a)" are exemplified by the Federal Rules of Civil Procedure Forms).[1] But after *Twombly*, courts must walk a fine line between applying the heightened pleading standard of *Twombly* and *Iqbal*, while, at the same time, honoring the Supreme Court's instruction that the Federal Rules, including Rule 84, not be amended by "judicial interpretation." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).

Notwithstanding Judge Ryskamp's dissent that suggests that, faced with this conflict, a district court should grant a party leave to amend a form pleading to meet the heightened *Twombly* requirement, *see Jacobs*, 626 F.3d at 1348, the Eleventh Circuit does not appear to have spoken directly on the issue. Post-*Twombly* decisions from other circuit courts of appeals, however,

---

[1] While this Court is aware that *Twombly* favorable discusses *Swierkiewicz*, the *Twombly* discussion of *Swierkiewicz* does not in any way purport to opine on the sufficiency of the forms in the Federal Rules of Civil Procedure. *See Twombly*, 550 U.S. at 569-70.

uniformly suggest that "the standard announced in *Twombly* and *Iqbal* does not undermine the viability of the federal forms as long as there are sufficient facts alleged in the complaint to make the claim plausible." *Garcia-Catalan v. United States*, 734 F.3d 100, 104 (1st Cir. 2013); *see also K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013), *cert. denied*, __ U.S. __, 134 S. Ct. 1026 (2014) ("to the extent any conflict exists between *Twombly* (and its progeny) and the Forms regarding pleadings requirements, the Forms control"); *Vance v. Rumsfeld*, 653 F.3d 591, 607 (7th Cir. 2011), *on reh'g en banc*, 701 F.3d 193 (7th Cir. 2012) (allegation is sufficient if it meets Rule 84's standard of "simplicity and brevity"); *Hamilton v. Palm*, 621 F.3d 816, 818 (8th Cir. 2010); *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 973 (9th Cir. 2010) (citing Form 9 as an example of a sufficient pleading); *Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 17 (D.C. Cir. 2008) (the "forms illustrate details that are sufficient"). Even when commenting that the forms should be eliminated or revised through the rulemaking process, courts begrudgingly honor the forms' sparse pleadings as sufficient. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1360 (Fed. Cir. 2007) (Dyk, J., concurring in part and dissenting in part); *see also Hamilton*, 621 F.3d at 818 (quoting *Swierkiewicz*, 534 U.S. at 515) ("Rule 84 and [the] Form[s] . . . may only be amended 'by the process of amending the Federal Rules, and not by judicial interpretation.'").

Burlington Coat Factory protests that Fink's Complaint does not provide any ultimate facts, such as how Fink fell, in what part of the store the fall occurred, or the specific condition of the floor that caused the fall. And it is correct. The Complaint simply recites all possible negligent accusations that could be made with respect to an inappropriately maintained floor. Burlington Coat Factory also maintains that Fink has failed to specify which type of negligence she alleges, whether that be

negligent hiring, negligent supervision, or some other form of negligence.

But based on Rule 84 and Form 11, Fink's Complaint is sufficient to survive a motion to dismiss. *See* 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3162 (2d ed.) ("Thus, it is clear that a pleading, motion, or other paper that follows one of the Official Forms cannot be successfully attacked."). The example provided in Form 11 details the minimal factual allegations necessary to bring a general complaint for negligence. Fink's Complaint, while factually meager, meets this burden as it places Defendants on notice as to what the "claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation and citation omitted). Fink's claim that she fell and injured herself while shopping at Burlington Coat Factory is certainly plausible, and Burlington Coat Factory is placed on notice that Fink alleges it was negligent in maintaining a nonslip floor.

### III.  Conclusion

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Defendant Burlington Coat Factory of Florida, LLC's Motion to Dismiss, or, alternatively, Motion for a More Definite Statement [D.E. 11] is **DENIED**.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 23rd day of May 2014.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

cc:
counsel of record